STATE OF CONNECTICUT *v.* PAUL W. BENWAY

REVIEW DIVISION OF THE SUPERIOR COURT

Decided December 27, 1960

*Paul W. Benway,* the defendant, pro se.

*Allyn L. Brown, Jr.,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty-four, pleaded guilty to one count of injury or risk of injury to children and was sentenced to the state prison for not less than four nor more than ten years. On April 23, 1960, the proprietor of a restaurant in Norwich complained to the police that the defendant, who was in the habit of frequenting his place of business, would invariably treat the young boys who frequented the establishment and then would take them to his room. An investigation by the police disclosed that a fourteen-year-old boy became acquainted with the defendant and started going to his room. While in the room the defendant committed an indecent assault upon the boy and caused the boy to commit a similar act upon him. This was repeated about five times. The investigation further disclosed that the defendant furnished beer and liquor to two other boys and that he committed an indecent assault upon one of them on about three occasions. An attempt to commit an indecent assault on the third boy involved with the defendant was not successful.

The past record of the defendant is as follows:

July 27, 1946—breach of the peace—fined $15.

November 16, 1946—Plainfield—rape—the defendant was arrested after being found in bed with a fourteen-year-old girl. Because the girl was involved with other men the charge was changed to lascivious carriage and the defendant was fined $50 and given a six months' suspended sentence.

May 18, 1957—breach of the peace—fined $10 and placed on probation for three months.

May 23, 1955—indecent liberties with a child under sixteen years—one year at United States disciplinary barracks and dishonorable discharge from the service.

March 5, 1956—New London—risk of injury to children—sentenced to Connecticut state prison for not less than two nor more than five years. This involved indecent acts with four boys. He was released on parole on July 14, 1959.

It thus appears that the defendant has been involved in crimes affecting young children on three previous occasions. This is his fourth conviction for a morals offense. He was released from the state prison only nine months before the present offense, having served more than three years on a risk of injury conviction involving young boys. The probation report states in part: "According to all available information, this man is a confirmed homosexual from whom offenses, similar to that for which he is now before the Court, can be expected at such times in the future, as he has the opportunity to commit them. It is regrettable that there is no institution in which this type of offender can receive effective treatment."

The sentence imposed upon the defendant is reasonable and proper and must stand.

Covello, Healey and Klau, Js., participated in this decision.